138 So.2d 658 (1962)
Avie THOMAS
v.
EVANGELINE PARISH SCHOOL BOARD.
No. 492.
Court of Appeal of Louisiana, Third Circuit.
March 8, 1962.
Rehearing Denied March 30, 1962.
Certiorari Denied May 24, 1962.
Gravel, Sheffield & Fuhrer, by Camille F. Gravel, Jr., Alexandria, for plaintiff-appellant.
Fusilier, Pucheu & Soileau, by J. William Pucheu, Ville Platte, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
The instant case is before this Court on appeal by plaintiff from a judgment of the district court maintaining an exception of no cause of action and an exception of no right of action filed by defendant and dismissing plaintiff's suit.
The district judge has correctly stated the facts and the issues presented as follows:
"The plaintiff was convicted in 1937 of breaking and entering in the day-time and sentenced to one to three *659 years in the state penitentiary. After serving approximately eight months of the sentence imposed, the plaintiff was released from imprisonment. In or about 1951, plaintiff was employed as a school bus driver by the defendant, The Evangeline Parish School Board, and has worked in that capacity continuously since that time. The School Board was unaware of the plaintiff's prior conviction.
"At a special meeting held on the 23rd day of June, 1961, the defendant, by unanimous vote, adopted a resolution whereby the plaintiff was not to be reappointed as a school bus driver for the school year 1961-1962. That resolution did not allege, nor does the defendant contend in these proceedings, that plaintiff has performed his duties as a school bus driver in any but a competent, proper and faithful manner. The sole and only reason given by the defendant for its action is plaintiff's conviction. This, contends the School Board, makes the plaintiff's employment illegal and prohibited by Article VIII, Section 6 of the Louisiana Constitution of 1921 [LSA], which states, in part, that:
"`Section 6. (as amended Acts 1946, No. 388) The following persons shall not be permitted to register, vote or hold office or appointment of honor, trust, or profit in this State, to-wit: Those who have been convicted of any crime which may be punishable by imprisonment in the penitentiary, and not afterwards pardoned with express restoration of franchise; * * *.'
"The plaintiff admits that he was convicted of a crime punishable by imprisonment in the state penitentiary, and that he was not subsequently pardoned of said crime. However, plaintiff contends that his employment as a school bus driver cannot be considered as the holding of any office or appointment of honor, trust or profit within the meaning of Article VIII, Section 6, and that his employment as a school bus driver was completely legal. Assuming his first proposition to be legally sound, plaintiff further contends that, by virtue of his having been a school bus driver for at least ten years, he is a regular and permanent school bus driver within the meaning of [LSA-] R.S. 17:492, and, therefore, he is entitled to the full protection of the School Bus Drivers' Tenure Laws ([LSA-]R.S. 17:491-494).
"On the other hand, the defendant contends that plaintiff's employment violated Article VIII, Section 6 of the Louisiana Constitution, and, because of the illegality of his employment, the plaintiff cannot claim the protection of the School Bus Drivers' Tenure Laws.
"The sole question before the court is whether or not the plaintiff is entitled to the provisions of [LSA-]R.S. 17:491, et seq., said section being the School Bus Drivers' Tenure Law which affords certain protection to bus drivers and also sets out the method of procedure when the School Board wants to discharge such a bus operator. Under the said law, a bus driver who has been continuously employed for a period of three years attains the protection of said law. * * *
"To determine whether or not this plaintiff came under the Tenure Law, it is necessary to interpret Article VIII, Section 6 of the Constitution. Article VIII, Section 6 deals with Suffrage and Elections. It sets out the qualifications of electors, the method of registration, the method of voting, etc. The prohibition in Article VIII, Section 6 are against persons such as the plaintiff herein, he being a convict whose franchise has not been restored by pardon. * * *"
Plaintiff's principal argument is that in view of the holding by the Supreme Court in the case of State v. Dark, 195 La. 139, *660 196 So. 47, a school bus driver cannot be considered as holding an office of any nature whatsoever within the intention of Article VIII, Section 6 of the Louisiana Constitution.
The Dark case, supra, involved a criminal charge against a conservation agent charged with accepting a bribe. The court had to determine whether a conservation agent was an "officer" within the meaning of a statute forbidding state officers from taking bribes. The statute in question was Section 1 of Act 78 of 1890 which provided that a state officer must not only be a holder of an office established by the Constitution or created by the Legislature, but, in addition thereto, had to possess the following qualifications, the lack of any one would make him a mere employee and not an officer within the intendment of the law, viz.: (1) A portion of the sovereign power of the government must be delegated to him to be exercised for the benefit of the public; (2) he must be appointed for a fixed tenure; (3) he must receive a salary or emoluments that are definitely fixed; and (4) that he must take the oath of office required by the Constitution of 1921, Article XIX, Section 1.
The Supreme Court held that the defendant was an "officer" within the meaning of the above statute and defined "public officer" as follows:
"The best general and most concise definition we have been able to find of what is a public office and who are public officers is that given by Mechem in his work on Public Officers, viz.: `A public office is the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer.' Section 1, page 1.
"The author (Mechem) further states that `The most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public;that some portion of the sovereignty of the country, either legislative, executive or judicial, attaches, for the time being, to be exercised for the public benefit. Unless the powers conferred are of this nature, the individual is not a public officer.' (Section 4.) `In distinguishing between an office and an employment, the fact that the powers in question are created and conferred by law, is an important criterion. * * *' (Section 5.)"
After an examination of the Dark case, supra, and the constitutional provision in the instant case, we are of the opinion that the plaintiff or any other school bus operator is the holder of an appointment of profit within the meaning of Article VIII, Section 6, of the Louisiana Constitution of 1921, and since he has been sentenced to the Louisiana State Penitentiary and not afterwards pardoned with express restoration of franchise, he cannot be employed by the State of Louisiana or any of its subdivisions in that capacity.
Since the defendant School Board is prohibited from appointing plaintiff as a school bus driver, it necessarily follows that plaintiff is not entitled to judgment under LSA-R.S. 17:491 et seq., ordering that he be reinstated to that position.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.